# CIRCUIT COURT OF LOUDOUN COUNTY

Mueller

v.

Grimes
and Marriott Corp.

August 2, 1990

Case No. (Law) 11327

By JUDGE THOMAS D. HORNE

As the Court observed in *Wright v. Webb*, 234 Va. 527 (1987), at page 531:

[i]n ordinary circumstances, it would be difficult to anticipate when, where, and how a criminal might attack a business invitee. Experience demonstrates that the most effective deterrent to criminal acts of violence is the posting of a security force in the area of potential assaults. In most cases, that cost would be prohibitive. Where invitor and invitee are both innocent victims of assaultive criminals, it is unfair to place that burden on the invitor.

Thus, "a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." *Wright, supra,* at 533. There is no suggestion in the pleadings that the defendant,

Marriott Corporation, in any way, "provides a climate for assaultive crimes." Furthermore, the Motion for Judgment does not allege an assaultive behavior on the part of Marriott employees or negligent acts of commission on the part of such employees. Accordingly, as pleaded, the claim of the plaintiff is predicated on the failure of such employer to act. Looking, as it must, at the pleadings in the light most favorable to the plaintiff, the Court finds sufficient facts to have been pleaded as to the existence of a duty to act under the circumstances, with which the defendant failed to comply.

However, as counsel for the defendant has suggested, assuming the existence of such a duty, there has not been pleaded a nexus between defendant's failure to comply with the duty and the resultant injury. Plaintiff suggests that:

> As a direct and proximate result of defendant Marriott's negligent failure to restrain defendant Grimes and prevent his further behavior leading toward breach of the peace, plaintiff was physically assaulted and battered by defendant Grimes on the premises of the cafeteria owned and operated by the defendant, Marriott, etc.

The only inference to be drawn from this allegation, consistent with the pleadings and the law applicable to the case, is that the injury for which Marriott is to be held accountable was caused upon plaintiff's return to the restaurant with the supervisor. This assault took place after a short conversation in the presence of the supervisor. There is no indication as to how Marriott knew or should have known that the plaintiff would return, or that in the event of such a return, plaintiff would be in imminent danger. However, assuming such a duty has been properly pleaded (*i.e.*, a duty to "restrain" the assailant), there are no facts pleaded upon which one could conclude that Marriott's failure to restrain prior to the assailant's departure would have been chargeable to the defendant.

Accordingly, the demurrer will be sustained with leave for the plaintiff to replead Count IV should he be so advised.